O



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RALPH A. RUELAS, | ) | No. SA CV 14-01761-VBF-AFM |
|---|---|---|
| Petitioner, | ) | ORDER Denying Document #33 |
| | ) | Denying Reconsideration of Order Denying Habeas Corpus Petition; |
| v. | ) | |
| MUNIZ (Warden), | ) | Denying Reconsideration of Order Declining to Issue a Certificate of Appealability ("COA"); |
| | ) | |
| Respondent. | ) | Denying a COA and Advising Petitioner of Right to Seek COA from Ninth Circuit |

Following a trial where he was represented by counsel, a California state superior court jury found Ralph A. Ruelas ("petitioner) guilty of first-degree burglary, and the trial judge sentenced him to thirteen years in state prison. On direct appeal, the California Court of Appeal affirmed in a reasoned written decision, and the California Supreme Court issued a silent summary denial (without comment or citation to authority) of petitioner's ensuing petition for review. Petitioner did not petition the U.S. Supreme Court for a writ of certiorari or file any state-court habeas petitions. Instead, in 2014, he filed in this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254, asserting a speedy-trial claim and an insufficient-evidence claim. After considering the respondent government's answer memorandum and petitioner's reply, the United States Magistrate Judge issued a Report and Recommendation ("R&R") (Doc 18) on July 29, 2015

recommending denial of both claims for lack of merit.  Petitioner (with extensions of time) filed objections to the R&R on January 19, 2016 (Doc 29).  Federal Rule of Civil Procedure 72(b)(2) gave respondent a right to respond to the objections within fourteen calendar days of being served with them, but he did not.

"As required by Fed. R. Civ. P. 72(b)(3), the Court . . . engaged in de novo review of the portions of the R&R to which petitioner . . . specifically objected and f[ound]  no error of law, fact, or logic in the Magistrate Judge's R&R."  *Rael v. Foulk*, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.).  Accordingly, the Court on February 9, 2016 issued an Order (Doc 30) overruling petitioner's objections, adopting the R&R, denying the habeas petition, dismissing the action with prejudice, and terminating the case.  Also on February 9, 2016, the Court entered a separate final judgment in favor of respondent and against petitioner (Doc 31) and an order denying a certificate of appealability ("COA") (Doc 32).

**On March 8, 2016, petitioner moved for reconsideration.   He seeks reconsideration of the Court's substantive determination that his habeas claims lack merit under the applicable AEDPA standard (Doc 30).  He also seeks reconsideration of the Court's determination that the denial of his claims would not be the subject of disagreement among reasonable jurists and thus that he was entitled to a COA (Doc 32).[1]  For reasons that follow, the Court will deny reconsideration in both respects.**

## PETITIONER'S MOTION IS A MOTION UNDER FEDERAL RULE 59(e)

When he filed this motion, petitioner was incarcerated and proceeding *pro se*.  Pursuant to the Prison Mailbox Rule, a document addressed to a court is deemed filed as

---

[1]

Also on March 11, 2016, petitioner filed a motion to extend his time in which to file a notice of appeal (Doc 34).  On March 17, 2016, this Court issued an Order (Doc 35) directing the respondent to file a response to the extension motion no later than April 8, 2016.  The Order advised the respondent that he did not need to respond to the instant reconsideration motion, and respondent has not done so.  The Court proceeds to the merits of the reconsideration motion on the basis of petitioner's brief alone.

soon as a *pro se* prisoner gives the document to prison staff (or places it in the designated mail receptacle) with proper postage affixed. *See Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379 (1988)). Petitioner signed the instant motion on Monday, March 7, 2016 and the envelope containing it was postmarked Tuesday, March 8, 2016, so the Court deems his motion constructively filed on the signature date of Monday, March 7, 2016. *See Johnson v. Montgomery*, 2014 WL 7338824, *3-*4 (C.D. Cal. Dec. 15, 2014) (Fairbank, J.) ("The earliest petitioner could have delivered his motion to prison authorities was the date he signed it according to his own account. (Wednesday, November 12, 2014), . . . . Accordingly, petitioner's Rule 59(e) motion to alter or amend . . . is timely."). Because petitioner filed his motion within twenty-eight calendar days of the order he challenges, the Court treats [it] as a timely motion for reconsideration under Fed. R. Civ. P. 59(e).

<u>Petitioner Shows No Basis for Reconsidering the Denial of Claim One on the Merits or the Denial of COA as to that Claim</u>

**As to claim one, Speedy Trial,** the habeas petition itself was fairly read to assert only a claim of state-law error, and such error is not redressable by a federal habeas court. *See* R&R at 11. As the Magistrate Judge noted (R&R at 11-12), petitioner did not assert a violation of his Sixth Amendment right to a speedy trial until his reply brief, so the Court was under no obligation to even consider the federal speedy-trial claim. In addition, petitioner did not fully and fairly present a federal speedy-trial claim to the state supreme court that was recognizable as a federal claim, so petitioner failed to fulfill his duty to exhaust such a claim before coming to federal court, *see* R&R at 12-13. Nonetheless, the Magistrate reasonably elected to recommend denial of the unexhausted federal speedy-trial claim because it clearly was not even colorable, let alone meritorious.

Applying the four-factor speedy-trial standard set forth in *Doggett v. United States*, 505 U.S. 647, 651, 112 S. Ct. 2686 (1992) and *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.

Ct. 2182 (1972), the Magistrate correctly concluded that petitioner failed to show that the state courts would have been objectively unreasonable in rejecting his federal speedy-trial claim.  The Supreme Court held that "until there is some delay which is presumptively prejudicial," there is no need to inquire into the other three *Barker-Wingo* factors.  As to the *sine qua non* first factor, the Supreme Court further stated that "[d]epending on the nature of the charges, the lower courts have generally found post[-]accusation delay 'presumptively prejudicial' at least as it approaches one year."  R&R at 13 (quoting *Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. 2686).  This statement in *Doggett* has been widely taken as a holding that post-accusation pre-trial delay becomes presumptively prejudicial once it reaches one year, and this Court treats the statement as such a holding, as well.

**Only five months elapsed between petitioner's arraignment in August 2012 and the start of his trial in January 2013.**  Petitioner identified no Supreme Court decision holding or even suggesting that such a delay is presumptively prejudicial.  That alone is probably sufficient to defeat any claim that the state appellate courts contradicted or unreasonably applied any "clearly established federal law" in denying petitioner's federal speedy-trial claim.  Moreover, the Magistrate Judge cited decisions where the Eighth Circuit and the Ninth Circuit held that a five-month delay was not presumptively prejudicial to the criminal defendant for purposes of the Supreme Court's *Doggett-Barker* standard.  *See* R&R at 14; *see also Eckman v. Knip*, 2011 WL 4386463, *7 (C.D. Cal. Aug. 30, 2011) (Jay Gandhi, M.J.) ("Roughly four and one half months passed from the date of Petitioner's arrest . . . until the start of his trial . . . .  The four-and-one-half month period in this case is not prejudicial, . . . ."), *R&R adopted*, 2011 WL 4383666 (C.D. Cal. Sept. 20, 2011) (Dale Fischer, J.).

**Accordingly, under *Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. 2686, this Court rightly declined to analyze the other three *Doggett-Barker* speedy-trial factors in detail.**  *Accord, e.g., Ross v. Arizona*, 2015 WL 1549284, *26 (D. Ariz. Apr. 8, 2015)

("The delay in Petitioner's criminal proceedings from the time of indictment to the time of his trial was not longer than the one[-]year presumptively prejudicial delay, . . . . * * * If this threshold is not met, the Court need not proceed with the other *Barker* factors.") (citing, *inter alia*, *Doggett*, 505 U.S. at 651-52, 112 S. Ct. at 1691, and *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993)), *appeal on other grounds filed sub nom. Ross v. Ryan*, No. 15-15888 (9th Cir. May 1, 2015). *Cf. Goldsberry v. Long*, 2015 WL 3609350, *10 (E.D. Cal. June 8, 2015) (Allison Claire, M.J.) ("The delay here appears to have been approximately a week and a half. * * * The brief delay of petitioner's trial does not come close to generating a presumption of prejudice. Accordingly, the other *Barker* factors need not have been considered by the trial court or the state habeas court.") (citing *Barker*, 407 U.S. at 530, 92 S. Ct. 2182) (footnote omitted).

In other words, petitioner did not show a sufficiently long delay on factor one to trigger a requirement that the state courts or this court consider the other factors, unlike the petitioner in *Stroup v. Baker*, 2015 WL 1505657, *8 (D. Nev. Apr. 1, 2015) (where there had been a delay of two years and seven months between issuance of criminal complaint and commencement of trial, court stated, "this is enough delay to bring the other *Barker* factors into play."), *appeal filed*, No. 15-15905 (9th Cir. May 5, 2015).

**In any event, even the second and third *Doggett-Barker* factors did not support petitioner's federal speedy-trial claim.**

**This Court recognizes the Ninth Circuit's recent reaffirmation of the principle that the second factor, "the reason for delay, is 'the focal inquiry'" of a speedy-trial analysis.** *See United States v. Alexander*, No. 14-50576, – F.3d –, 2016 WL 1273226, *2 (9th Cir. Apr. 1, 2016) (quoting *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 2003)). But this is arguably inconsistent with *Doggett*'s statement, 505 U.S. at 652 n.1, that until the defendant makes a strong showing on the first factor, i.e., "until there is some delay which is presumptively prejudicial," there is no need to inquire into

1  the other *Barker* factors.

2  **To the extent that our Circuit's primary emphasis on the second factor is**

3  **inconsistent with *Doggett*, this Court must follow the Supreme Court in the habeas**

4  **context as in any other context.** *See United States v. Warren*, 338 F.3d 258, 266 (3d Cir.

5  2003) ("Even though *Frierson* [Third Circuit] was decided after *Corbitt* – and presumably

6  the panel considered its relevance – to the extent that *Corbitt* is in tension with the so-

7  called holding . . . in *Frierson*, we must follow the Supreme Court.") (internal alterations,

8  brackets, quotation marks, and citation omitted); *cf. Hill v. Rent-a-Center, Inc.*, 398 F.3d

9  1286, 1290 (11th Cir. 2005) ("[B]ecause [the Eleventh Circuit's decision in] *Paladino* was

10  decided prior to the Supreme Court's decision in *Circuit City*, to the extent of any conflict

11  between these two decisions, *Paladino* must yield.").

12

13  **Even if the Ninth Circuit's speedy-trial standard in *Alexander* and *Sears*,**

14  ***Roebuck* is not "inconsistent with" the Supreme Court's speedy-trial standard in**

15  ***Doggett*, on AEDPA review this Court may not hold a state court to compliance with**

16  **a Circuit legal standard that refines, fleshes out, or "goes beyond" the Supreme**

17  **Court standard.**  In *Marshall v. Rodgers*, – U.S. –, 133 S. Ct. 1446, 185 L.Ed.2d 540

18  (2013), the Supreme Court referred to "the mistaken belief that circuit precedent may be

19  used to refine or sharpen a general principle of Supreme Court jurisprudence into a

20  specific legal rule that this Court has not announced."  Moreover, "even before *Marshall*,

21  the Supreme Court had reversed other circuit courts that had measured the propriety of

22  habeas relief in AEDPA cases according to circuit precedent."  *Elkins v. Foulkes*, 2014

23  WL 2615732, *6 (C.D. Cal. June 12, 2014) (Fairbank, J.) (citing, *inter alia*, *Miller v.*

24  *Rodriguez*, 549 U.S. 1163, 127 S. Ct. 1119 (2007)).

25  When a federal habeas court evaluates a state court's merits-based denial of a

26  federal constitutional claim that is governed by AEDPA, the federal court may ask only

27  whether the state court's ruling contradicted or unreasonably applied "clearly established

28

federal law", 28 U.S.C. section 2254(d)(1).  Ninth Circuit holdings are <u>not</u> part of "clearly established federal law" for this purpose under AEDPA.  Rather, "[f]or state prisoners who seek federal habeas relief pursuant to 28 U.S.C. § 2254, AEDPA requires them to show that a state court violated 'clearly established Federal law', defined for that purpose as only the holdings (as opposed to dicta) of the United States Supreme Court at the time of the relevant [state-court] decision." *United States v. Sayre*, 2013 WL 3872172, *10 (C.D. Cal. Apr. 30, 2013) (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495 (2000) ("The . . . statutory language makes clear . . . that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.") and *Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649 (2006)).

Thus, the federal habeas court may not *deny* habeas relief on the ground that the state court's ruling did not contradict or unreasonably apply the holdings of a Circuit Court.  Conversely, the federal habeas court may not *grant* relief on the ground that the state court's ruling contradicted or unreasonably applied Circuit authority.  *See Acklin v. Lewis*, 2013 WL 5175505 (C.D. Cal. Sept. 11, 2013) (Fairbank, J.) (discussing *Marshall*, – U.S. –, 133 S. Ct. 1446), *certificate of appealability denied*, No. 14-56476 (9th Cir. Mar. 17, 2015).  "'Only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied' for a state-court decision to survive AEDPA review." *Sayre*, 2013 WL 3872172 at *10 (quoting *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2009)); *see also Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**In any event, even if this Court accorded primary importance to the second *Doggett* factor as required by our Circuit in *Alexander* and *Sears Roebuck*, it would be of no avail to petitioner Ruelas on this record.**  As to the second *Doggett* factor, the reasons for delay, the Magistrate Judge accurately noted that pre-trial delay was occasioned by the need to preserve continuity of petitioner's defense counsel.  *See* R&R at 14 (citations omitted); *cf. also generally* 18 U.S.C. 3161 (Speedy Trial - Time Limits

and Exclusions) subsection (h)(7)(B)(iv) (among the factors a federal court must consider when deciding whether to grant a continuance is "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."). Whether treated as the main focus of the *Doggett* inquiry or not, the second *Doggett* factor does not help petitioner Ruelas on these facts.

**As to the third factor, whether petitioner had actually asserted his right to a speedy trial,** the Magistrate noted that the pre-trial delay was partly caused by petitioner's counsel's seeming lack of candor as to whether he was ready to start trial. *See* R&R at 14. Petitioner still fails to identify any United States Supreme Court holding contradicted or unreasonably applied by the state court's rejection of his speedy-trial claim on that ground.

**Thus, petitioner does not identify any error in this Court's determination that his speedy-trial claim was insufficient to merit AEDPA habeas relief.  Nor has petitioner identified any error in this Court's decision not to issue a COA permitting him to appeal the denial of that claim.**

Petitioner Shows No Basis for Reconsidering the Denial of Claim Two on the Merits or the Denial of COA as to that Claim

**As to claim two, insufficient evidence,** the Court concluded that petitioner had failed to show that the California Court of Appeal contradicted or unreasonably applied the *Jackson v. Virginia* standard.  In other words, the state court committed no AEDPA legal error (28 U.S.C. section 2254(d)(1)) in concluding that a rational jury could reasonably find that the evidence presented at trial was constitutionally sufficient to convict petitioner of first-degree burglary beyond a reasonable doubt.  As the Magistrate

- 8 -

Judge noted, the California Supreme Court has held that possession of recently stolen property is so incriminating that the possessor may be convicted of burglary with only "slight corroboration in the form of statements or conduct of the defendant tending to show his guilt."  R&R at 20 (citation omitted).

It is undisputed that petitioner gave a false statement to the police officer who was investigating the burglary:  he first said that he had received one of the stolen items (a seashell) as a gift from a church, even though church employees said that the church never gave away such items, and when he was told that his fingerprints had been discovered inside the victim's home, he admitted that he had rifled through the victim's drawers (alleging that he had been motivated by mere curiosity).  *See* R&R at 21-22 (record citations omitted).  There is no California or federal authority suggesting that such evidence is insufficient to prove burglary when combined with petitioner's possession of the victim's recently stolen property.

On the contrary, a California Court of Appeal panel recently held that similar mendaciousness by a criminal defendant in the aftermath of a crime is sufficient to corroborate the implication of guilt made by his possession of recently-stolen property. The California Court of Appeal panel wrote in pertinent part as follows:

Although he claimed he took off because he knew the Jeep was stolen, the jury was not required to accept this explanation but could instead reasonably infer [that] appellant fled to avoid getting in trouble for stealing Duck's purse.  After all, the theft occurred close in time to appellant's arrest, and he gave conflicting stories about how he allegedly came into possession of the purse.  At first he claimed he found the purse at a gas station the night before his arrest, but he later claimed he found it at Seal Beach the morning he was arrested.

Moreover, his beach story was clouded by his mis[-]description of Seal Beach as having no pier.  And, of course, the victim had not been to Seal Beach after seeing her purse on her kitchen counter, so defendant's story was rather spectacularly unconvincing.  All told, the evidence was more than sufficient to support the jury's finding [that] appellant was guilty of residential burglary.

*People v. Logan*, No. G050983, 2016 WL 1179060, *3 (Cal. App. 4th Dist. Mar. 25, 2016) (J. Bedsworth, joined by Acting P.J. Rylaarsdam and J. Ikola) (paragraph break added).

**In his motion seeking reconsideration of the Court's denial of claim two (and its refusal to issue a COA on claim two), petitioner** asserts, without citation to his objections or to any other brief, or to any part of the state-court record, that his objections had already "showed with clear and convincing evidence that the [California] Court of Appeals [sic] created evidence that did not exist and made it part of the 'Summary of Facts.'" Doc 33 at 2.  Petitioner merely states in conclusory fashion, without citation to any evidence presented at trial, that "it is a simple fact that no items were ever found in petitioner's possession.  No tools or anything whatsoever was [sic] found in petitioner's possession."  Doc 33 at 2 (underlining in original); *see also* Doc 33 at 5 ("Is the state court's application of the *Jackson* standard unreasonable when it is based in part on evidence which never existed in the case?  In this case the magistrate not only ignores this question, but even creates a little more evidence.").

Petitioner also challenges this Court's adoption of the Magistrate Judge's determination that petitioner "had an opportunity to commit the burglary because he had a reason to spend time on the victim's property without drawing suspicion." Doc 33 at 3.  According to petitioner, this determination is "contradicted by testimony, which clearly showed that anytime the petitioner was seen on the grounds of the trailer park property the police were called."  Doc 233 at 3.

Yet there was evidence that an item stolen from the victim's home –a seashell – was found in petitioner's possession, and petitioner still does not dispute that he a false statement to the investigating officer:  he first said that he had received one of the stolen items (a seashell) as a gift from a church, even though church employees said that the church never gave away such items, and when he was told his fingerprints had been discovered inside the victim's home, *he admitted that he had rifled through the victim's drawers* merely out of "curiosity", R&R at 21-22.  So, even according to petitioner's own version of events, he had enough time to rifle through the victim's drawers, whether or not anybody allegedly called the police about his presence at the trailer park on that occasion.

Moreover, petitioner proffers no authority holding that for some reason he could not be convicted of burglary unless *tools* specifically (rather than some other item belonging to the victim) were found in his possession without the consent of the victim.  Indeed, the jury was free to reason that tools reported stolen from the victim's home/shed were not found in petitioner's possession because petitioner did not steal them.  But no Supreme Court holding precluded the jury from doing what it did:  conclude that although none of the victim's tools were found in petitioner's possession, petitioner nonetheless committed the burglary of her home as charged.  For example, a rational jury reasonably could have surmised the petitioner stole the tools from the victim's shed and then sold them or bartered them before law enforcement contacted petitioner and conducted a search.

Petitioner next appears to argue that a rational jury could not have concluded beyond a reasonable doubt that he burglarized the victim's home because the victim testified that "she did not even look into the shed for three weeks after the burglary occurred" and that "the key was still in the same place when she got back."  Doc 33 at 3.  Yet petitioner has identified no precedent suggesting that a jury could not, consistent with the *Jackson v. Virginia* standard, convict him of burglary merely because the victim did not look into her shed for that period of time after the burglary occurred.

In short, the Court rejects petitioner's assertion (Doc 33 at 6) that "jurists of reason

could easily" conclude that non-existent evidence against him was "manufactured" by the state court of appeal and/or by this Court and therefore could disagree with the denial of his insufficient-evidence claim for federal habeas relief.  The Court adheres to its earlier determination that petitioner's second claim lacked merit.  The Court also adheres to its earlier determination that petitioner failed to show entitlement to a COA on this claim.

<u>AEDPA'S COA REQUIREMENT APPLIES TO RULE 59(e) MOTIONS</u>

**For the first time in 2015, the Ninth Circuit expressly and clearly held that a COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 petition.**[2] *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015), *reh'g denied* (9th Cir. Oct. 9, 2015), *pet. cert. filed*, – U.S.L.W. –, – U.S. –, – S. Ct. –, 2016 WL _____ (U.S. Feb. 3, 2016) (No. 15-8063)[3]; *cf., e.g., United States v. Lynch*, No. 13-35836, – F. App'x –, 2016 WL 463651 (9th Cir. Feb. 5, 2016) (Kozinski, O'Scannlain, Gould) ("The district court held that Lynch's purported Rule 60(b) motion is actually an unauthorized, second or successive habeas petition . . . .  For us to entertain his appeal, Lynch needs a Certificate of Appealability (COA)."); *accord United States v. Hawkins*, 614 F. App'x 580, 581 n.1 (**3d Cir.** 2015) ("A COA is required to the extent that the district court dismissed Hawkins's request for relief under § 2255 and denied his request to proceed [sic] under Rule 60(b)."); *Brown v. Thomas*, 2015 WL 4641064, *4 (N.D. Ala. Aug. 4, 2015) ("The Eleventh Circuit has recognized that, in section 2254 habeas cases, an order denying a motion under Fed. R. Civ. P. 60(b)

---

[2]
 A section 2255 habeas petitioner need not obtain a COA, however, in order to appeal a the mere transfer of his petition from one federal court to another.  *See Winkles*, 795 F.3d at 1142 (citing, *inter alia*, *Lambright v. Ryan*, 698 F.3d 808, 817 n.2 (9th Cir. 2012)).

[3]
 By Order issued March 31, 2016, the Ninth Circuit extended the *Winkles* appellee's deadline for responding to the petition for a writ of certiorari (and to appellant's accompanying motion for leave to proceed in forma pauperis on appeal), by May 6, 2016.

1    is a 'final order' for purposes of COA requirements.") (citing *Jackson v. Crosby*, 437 F.3d

2    1290, 1294 (**11ᵗʰ Cir.** 2006)) *cf. Hamilton v. Sec'y, Florida Dep't of Corrs.*, 793 F.3d

3    1261, 1264 n.1 (11th Cir. 2015) ("Some language in the [U.S. Supreme Court's] *Gonzalez*

4    opinion arguably implies that a COA is required to appeal the denial of a Rule 60(b)

5    motion.") (citing *Gonzales v. Crosby*, 545 U.S. 524, 535 n.7, 125 S. Ct. 2641 (2005)).

6         *Winkles* considered whether one needs a COA to appeal from the denial or dismissal

7    of a 28 U.S.C. § *2255* habeas petition.  Section 2255 is the presumptive vehicle for people

8    in custody (or under supervision) pursuant to a *federal* criminal judgment, to challenge the

9    lawfulness of their federal convictions and/or sentence.  *Winkles* did not address whether

10   one needs a COA to appeal from the denial or dismissal of a Rule 60(b) motion for relief

11   from the denial/dismissal of a section *2254* habeas petition; neither the Supreme Court nor

12   the Ninth Circuit has yet decided that issue. But, as this Court has explained,

13

14        there is no apparent reason to believe that the *Winkles* panel's rationale as to

15        what constitutes a "final order" subject to the 28 U.S.C. § 2253© COA

16        requirement, rests on some peculiarity of section 2255 *federal*-judgment

17        habeas law that is not present in section 2254 *state*-judgment habeas law.  In

18        other words, there is no case law suggesting that *Winkles*' reasoning would

19        not lead equally to the conclusion that an order denying a motion for relief

20        from judgment in a section 2254 *state* habeas case also requires petitioner to

21        obtain a COA before he may appeal.

22

23   *Rocha v. McEwen*, No. ED CV 12-01194, Doc. 20 at 4, 2015 WL 5768374, *__ (C.D. Cal.

24   Sept. 30, 2015) (Valerie Baker Fairbank, J.) (emphasis added), *appeals filed o.g.*, No. 15-

25   56655 (9th Cir. Oct. 23, 2015) and No. 16-55033 (9th Cir. Jan. 6, 2016).  *Accord Gonzales*

26   *v. Oates*, 619 F. App'x 231, 231 (4th Cir. 2015) (per curiam) ("Gonzales seeks to appeal

27   the district court's order denying his Fed. R. Civ. P. 60(b) motion for [relief from] . . . the

28

1  district court's order denying relief on his 28 U.S.C. *§ 2254* (2012) petition.  The order is

2  not appealable unless a circuit justice or judge issues a certificate of appealability.")

3  (citing, *inter alia*, *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004)) (emphasis added).

4

5      Nor is there any reason to believe that *Winkels*'s rationale as to what constitutes a

6  "final order" under section 2253 subsec. c, applies only to Rule 60(b) motions for relief

7  from judgment but not to Rule 59(e) motions to alter or amend (colloquially, motions for

8  reconsideration).[4]  *Cf., e.g., Gowadia v. United States*, 2015 WL 9473401, *2 (D. Haw.

9  Dec. 28, 2015) (Susan Mollway, C.J.) ("[T]he court denied Gowadia's motion seeking

10  relief under section 2255.  Gowadia seeks reconsideration of that denial.  The court now

11  denies Gowadia's reconsideration motion and, in light of that denial, continues to decline

12  to issue a certificate of appealability.").  **Accordingly, the Court proceeds on the**

13  **premise that the Ninth Circuit would require petitioner to obtain a COA before**

14  **appealing today's denial of his motion for reconsideration of the Order that denied**

15  **his section 2254 habeas petition.**

16

17  _____

    [4]

18      *Accord Roccisano v. Menifee*, 293 F.3d 51, 55-56 (**2d Cir.** 2002) ("The district court . . .

19  eventually granted a [COA] permitting Roccisano to appeal the denial of his Rule 59(e) motion."); *United States v. Mabry*, 417 F. App'x 168, 170-71 (**3d Cir.** 2011) ("A certificate of appealability is required to appeal from the denial of a § 2255 motion and a related motion for reconsideration, . . . .");

20

21      *United States v. Richardson*, 589 F. App'x 12 (**4th Cir.** 2014) (per curiam) (denying COA for appeal from order denying reconsideration of denial of section 2255 habeas); *Williams v. Thaler*, 602

22  F.3d 291, 295 (**5th Cir.** 2010) ("Williams appeals the district court's denial of a [COA] on his . . . 59(e) motion . . . ; and his . . . 60(b) motion for relief from judgment, . . . . * * * We . . . affirm the district

23  court's denial of a COA on Williams's two motions.");

24

25      *Mackey v. Warden*, 525 F. App'x 357, 360 (**6th Cir.**) ("[T]he federal district court granted a certificate of appealability regarding the federal habeas statute of limitations . . . , Mackey's Rule 59(e)

26  motion, and [another issue].") (per curiam), *cert. denied*, – U.S. –, 134 S. Ct. 438 (2013); *United States v. Tatum*, 613 F. App'x 770, 771 (**10th Cir.** 2015) ("[A] COA is required to appeal the denial of a Rule

27  59(e) in a § 2255 [federal-prisoner habeas] case.");*United States v. Cobb*, 307 F. App'x 143, 145 (10th Cir. 2009); *Siebert v. Campbell*, 334 F.3d 1018, 1021 n.3 (**11th Cir.** 2003) (noting the district court's

28  grant of a COA "as to both its Rule 59 order and the underlying habeas dismissal").

1

<u>PETITIONER IS NOT ENTITLED TO A COA TO APPEAL TODAY'S ORDER</u>

Notwithstanding one panel's dictum that the "substantial showing" standard for a COA is "relatively low", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002)), in practice "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Valerie Baker Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Singh v. United States*, 2015 WL 350790,*6 (E.D. Cal. Jan. 23, 2015) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence).

A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).

The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc))[5], but no such doubt exists here.  Reasonable jurists would agree that petitioner failed to show grounds for reconsideration of the habeas denial or the COA denial under the standards of Fed. R. Civ. P. 59(e) and the corresponding local civil rule.  None of his arguments for reconsideration is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

<u>ORDER</u>

**Petitioner's Motion for Reconsideration [Doc #33] is DENIED.**

---

[5]*Accord Elliott v. United States*, No. 1:12cv587, – F. Supp.3d –, –, 2016 WL 409817, *1 (E.D. Tex. Feb. 3, 2016) ("Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, . . . .") (citing *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000)), *appeal filed*, No. 16-40276 (5th Cir. Feb. 22, 2016).

**The portion of this order which denies reconsideration of Document 32 (Order Denying Certificate of Appealability) is not appealable.[6]**

**As to the portion of this order which denies reconsideration of Document 30 (Order Denying Habeas Corpus Petition), the Court declines to issue a COA.** Petitioner may still ask the United States Court of Appeals for the Ninth Circuit for a COA permitting him to appeal from this portion of today's Order. [7]

Finally, the Court would note that the deadline for petitioner to file a notice of appeal was not tolled by the pendency of this motion for reconsideration. *See Fuentes v. Foster*, 2010 WL 4316796, *4 (D. Nev. Oct. 26, 2010) (Roger Hunt, C.J.) ("A motion to reconsider the order regarding a certificate of appealability does not extend the time to appeal."); *West v. Foster*, 2010 WL 3636164, *18 (D. Nev. Sept. 9, 2010) (Kent Dawson, J.) (same), *affirmed*, 454 F. App'x 630 (9th Cir. 2011).

Dated:  Tuesday, April 19, 2016

*Valerie Baker Fairbank*

_____

VALERIE BAKER FAIRBANK
Senior United States District Judge

---

[6]

    *See Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) ("To the extent Cannan seeks to appeal the district court's denial of a COA with regard to this issue, the denial of a COA is not in itself appealable.") (citation omitted). *Accord Stevens v. Curtis*, 2010 WL 2651592, *7 n.3 (W.D. Mich. June 30, 2010) (Maloney, Chief Judge) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2011)).

[7]

    *See, e.g., Hill v. Gonzalez*, 2015 WL 5732265, *2 (E.D. Cal. Sept. 29, 2015) ("Plaintiff was informed that, while the district court's denial of a COA as not appealable, he may ask the appellate court to issue a COA under Rule 22 of the" Fed. R. App. P.), *appeal filed sub nom. Hill v. Peterson*, No. 15-17159 (9th Cir. Oct. 29, 2015); *Hogan v. Small*, 2012 WL 3026556, *13 (N.D. Cal. July 24, 2012).