1   | O

2

3

4

5

6

7   **UNITED STATES DISTRICT COURT**

8   **CENTRAL DISTRICT OF CALIFORNIA**

9

10  **RALPH A. RUELAS,**                              **No. SA CV 14-01761-VBF-AFM**

11

12                              **Petitioner,**       **ORDER Denying Document # 34**
                                                      (Petitioner's "Request for Extension of Time
                                                      to File Notice of Appeal");
13       v.
                                                      Holding that Petitioner May Not Re-Open
14  MUNIZ (Warden),                                   Time for Filing Notice of Appeal under
                                                      FRAP 4(a)(6);
15
                                                      Holding that Petitioner May Not Obtain
16                              Respondent.            Relief from Judgment under FRCP 60(b) as
                                                      a Substitute for a Timely Appeal

17

18       Following a trial where he was represented by counsel, a California state superior court jury

19  found petitioner guilty of first-degree burglary, and the trial judge sentenced him to thirteen years

20  in state prison.  On direct appeal, the California Court of Appeal affirmed in a reasoned written

21  decision, and the California Supreme Court issued a silent summary denial (without comment or

22  citation to authority) of petitioner's ensuing petition for review.  Petitioner did not petition the U.S.

23  Supreme Court for a writ of certiorari or file any state-court habeas petitions.

24       Instead, in 2014, he filed in this court a petition for a writ of habeas corpus pursuant to 28

25  U.S.C. section 2254, asserting a speedy-trial claim and an insufficient-evidence claim.  After

26  considering the respondent government's answer memorandum and petitioner's reply, the United

27  States Magistrate Judge issued a Report and Recommendation ("R&R") (Doc 18) on July 29, 2015

28  recommending denial of both claims for lack of merit.  Petitioner (with extensions of time) filed

1   objections to the R&R on January 19, 2016 (Doc 29).  Federal Rule of Civil Procedure 72(b)(2)

2   gave respondent a right to respond to the objections within fourteen calendar days of being served

3   with them, but he did not.

4        "As required by Fed. R. Civ. P. 72(b)(3), the Court . . . engaged in de novo review of the

5   portions of the R&R to which petitioner . . . specifically objected and f[ound]  no error of law,

6   fact, or logic in the Magistrate Judge's R&R." *Rael v. Foulk*, 2015 WL 4111295, \*1 (C.D. Cal.

7   July 7, 2015) (Fairbank, J.).  Accordingly, the Court on February 9, 2016 issued an Order (Doc 30)

8   overruling petitioner's objections, adopting the R&R, denying the habeas petition, dismissing the

9   action with prejudice, and terminating the case.  Also on February 9, 2016, the Court entered

10  separate final judgment in favor of respondent (Doc 31) and an order denying a certificate of

11  appealability ("COA") (Doc 32).

12       **So far as the docket record reflects, petitioner Ruelas has never filed a notice of appeal**

13  **in this case with this Court or with the United States Court of Appeals for the Ninth Circuit.**

14       On March 8, 2016, petitioner filed a timely Fed. R. Civ. P. 59(e) for reconsideration of (1)

15  the Court's determination that his habeas claims lack merit under the applicable AEDPA standard

16  and (2) the Court's determination that the denial of his claims would not be the subject of

17  disagreement among reasonable jurists and thus that he was entitled to a COA.  By Order issued

18  April 19, 2016 (Doc 38), this Court denied reconsideration.

19

20       **Petitioner also filed a motion to extend his time for filing a notice of appeal (Doc 34)**

21  on March 11, 2016.  By Order issued March 17, 2016 (Doc 35), the Court set deadlines for

22  respondent's mandatory response brief and petitioner's optional reply.[1]   The respondent

23

24       [1]

25      Petitioner makes the unusual assertion that it is somehow improper for the Court to solicit the
parties' views on an issue in detail before ruling on a motion.  He states, in part,

26

27      Initially, petitioner objects to this court's request to the attorney general's office for 'fuller
exposition . . .' on a subject that it would seem is dictated solely on [sic] [the] Federal

28      Rules of Appellate Procedure.  There is no authority that petitioner can find that allows

1  government timely filed a brief opposing the extension (original at Doc 36, corrected version at

2  Doc 37), and petitioner timely filed a reply brief (Doc 39).

3  **For the reasons set forth below, the Court will deny petitioner's motion for an**

4  **extension of his time in which to file a notice of appeal.**  The Court will further determine that

5  under the circumstances, re-opening of the appeal time under Fed. R. App. P. 4(a)(6) is not

6  appropriate, nor is relief from the judgment available pursuant to Fed. R. Civ. P. 60(b).

7

8  ANALYSIS:  Petitioner is Not Entitled to a FRAP 4(a)(5) Extension of Appeal Time

9  **Petitioner Ruelas's opening brief in support of his motion for an extension of his**

10  **appeal time** musters no argument and cites no authority whatsoever.  The three-sentence opening

11  "brief" states only, in its entirety, that he requests a thirty-day extension of his time to file a notice

12  of appeal.  *See* Doc 34 at 1.

13  **Federal Rule of Appellate Procedure 4(a)(1), entitled Appeal in a Civil Case - Time**

14  **for Filing a Notice of Appeal, provides in its entirety as follows:**

15

16  (A)  In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4( c ), the

17  notice of appeal required by Rule 3 must be filed with the district clerk

18  _____

19  respondent to file any response to a motion for an extension of time to file an appeal.

20  Doc 39 (Pet's Reply) at 1.  Yet petitioner himself cites no authority, binding or persuasive, suggesting
21  that it is inappropriate for a court to make a more informed decision by considering the views of both
   sides before ruling, and the Court finds no authority for such an untenable proposition.

22
23  **On the contrary, a federal court has the inherent authority to permit or request that parties,**
   **or even non-parties, file briefs illuminating the issues raised by a pleading or motion.  *See Gibbs***
24  ***v. Hedgpeth*, 2011 WL 2039630, \*2 (C.D. Cal. Apr. 20, 2011) (Eick, M.J.) ("[T]he** Magistrate Judge
   issued a Minute Order allowing Respondent to file a response to Petitioner's Motion to File a response
25  to Petitioner's Motion to File Late Notice of Appeal within thirty days of the date of the order.");
   *California Ass'n of School Psychologists v. Superintendent of Public Education*, 1994 WL 224433, \*4
26  (N.D. Cal. May 17, 1994) (Jensen, J.) ("Although there is no precise rule in the Federal Rules of Civil
   Procedure governing the submission of briefs by *amici curiae* [non-parties referred to in Latin as 'friends
27  of the court'], it is accepted that it is within the court's inherent authority to allow such filings.") (citing
28  *Lathrop v. Unidentified, Wrecked & Abandoned Vehicle*, 817 F. Supp. 953, 961 n.10 (M.D. Fla. 1993)).

1   within 30 days after entry of the judgment or order appealed from.

2   (B)   The notice of appeal may be filed by any party within 60 days after entry of

3   the judgment or order appealed from if one of the parties is:

4   (I)   the United States;

5   (ii)   a United States agency;

6   (iii)   a United States officer or employee sued in an individual capacity . . . .

7   ( C )   An appeal from an order granting or denying an application for a writ of

8   error coram nobis  is an appeal in a civil case for purposes of Rule 4(a).[2]

9

10   Because this case does not have the federal government, a federal agency, or a federal officer or

11   employee sued in his individual capacity as parties, the *sixty*-day appeal time of 28 U.S.C. section

12   2107(b) and FRAP 4(a)(1)(B) does not apply.

13   Instead, petitioner Ruelas had to file a notice of appeal with the U.S. District Court Clerk

14   within thirty (30) calendar days of when this Court's February 9, 2016 final judgment was

15   "entered", which was on February 9, 2016 itself according to FRAP 4(a)(7)(A)(ii).[3]

16   _____

17   [2]

18   **The Court has also considered Federal Rules of Appellate Procedure 4(a)(2) and (3), but finds that those provisions do not apply to petitioner's case.**  FRAP 4(a)(2) deals with the situation when a party files a notice of appeal after the court has announced its decision but before it has issued

19   its order or judgment.     FRAP 4(a)(3) governs when more than one party appeals.

20   [3]

21   FRAP 4(a)(7), entitled Appeal as of Right - When Taken / Appeal in a Civil Case / Entry Defined, provides in pertinent part as follows:

22

23   (A)   A judgment or order is entered for purposes of this Rule 4(a):

24   ( i )   if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the judgment or order is entered in the civil docket under

25   Federal Rule of Civil Procedure 79(a); or

26   (ii)   *if Federal Rule of Civil Procedure 58(a) requires a separate document,*

27   *when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:*

28

1    **Thus, absent an extension of time, petitioner Ruelas was required to file a notice of**

2  **appeal no later than about March 10, 2016.** *See* **28 U.S.C. section 2107(a) and FRAP**

3  **4(a)(1)(A).** Because petitioner was incarcerated at that time and proceeding *pro se*, he was entitled

4  to the benefit of the Prison Mailbox Rule. By operation of that rule, petitioner merely had to

5  tender his notice of appeal to prison authorities (with proper postage affixed) by midnight on

6  March 10, 2016. The record does not indicate that petitioner filed an actual notice of appeal on

7  or before that date.

8

9    **Under FRAP 4(a)(5)(A) sub. I, "[t]he district court may extend the time to file a notice**

10  **of appeal if" "a party so moves no later than 30 days after the time prescribed by this Rule**

11  **4(a) expires" (March 10, 2016), i.e., no later than April 9, 2016.** *See also* 28 U.S.C. § 2107

12  subsection c. Petitioner did so, filing the instant motion for extension of appeal time on March

13  7, 2016. (Although petitioner's extension motion was not docketed by the Clerk's Office until

14  March 11, 2016, petitioner signed the motion on March 7, 2016 and his certificate of service states

15  that he placed this motion in the prison mail system on March 8, 2016. Accordingly, petitioner

16  constructively filed this motion on March 8, 2016.)

17    **Therefore, in terms of the timeliness of this extension motion alone, this Court has**

18  **authority to consider extending petitioner's appeal deadline pursuant to FRAP 4(a)(5).** But

19  a district court may not extend the time for filing a notice of appeal in a civil case unless the

20  moving party shows that his failure to file a timely notice of appeal was the result of good cause

21  or at least excusable neglect. *See Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.

22  1986). As noted above, petitioner's opening brief in support of this extension motion contains no

23  argument and cites no authority, so it does not demonstrate either good cause or excusable neglect

24  _____

25        – *the judgment or order is set forth on a separate document*; or

26        –  150 days have run from entry of the judgment or order in the
             civil docket under Federal Rule of Civil Procedure 79(a).

27

28  Emphasis added.

1    for his failure to file a notice of appeal within thirty calendar days after entry of final judgment as

2    required by FRAP 4(a)(1).  Next, petitioner's reply brief does not even *purport* to show that his

3    failure to file an actual notice of appeal within the time required by FRAP 4(a)(1) was the result

4    of good cause or excusable neglect.  Finally, as the respondent notes (Doc 36 at 15), "Ruelas does

5    not explain why he was able to file a Request to Extend Time and a Motion for Reconsideration

6    [of the merits and COA rulings]" within that thirty-day period after entry of judgment "but not a

7    notice of appeal."

8

9    **Because petitioner has not shown entitlement to a FRAP 4(a)(5) extension of his time to file**

10   **a notice of appeal, the Court need not consider the respondent's alternative argument that the**

11   **extension sought by petitioner exceeds the maximum extension permitted by that rule.** *See* Doc 36

12   (Respondent's Opposition to Extension of Appeal Time) at 10.

13

14   COURT DECLINES TO CONSIDER ARGUMENT MADE FOR FIRST TIME IN REPLY

15   **In his reply brief, petitioner argues for the first time that his time to file an appeal was tolled**

16   **during the pendency of his unsuccessful reconsideration motion, and seemingly that he has already**

17   **effectively filed a notice of appeal and that that notice is timely due to that tolling.** ***See*** **Doc 39 (Pet's**

18   **Reply) at 2-3.**  FRAP 4(a)(4) does appear to provide that when a party has timely filed any of the

19   following list of motions in district court, the time for appeal is tolled during the pendency of a timely

20   motion of one of those types:  a FRCP 50(b) motion for judgment, a FRCP 52(b) motion to amend or make

21   additional factual findings, certain FRCP 54 motions for attorneys fees, FRCP 59 motions to alter or

22   amend judgment or for a new trial, and FRCP 60 motions for relief from judgment filed within 28 days

23   after the judgment or order being challenged.  Petitioner did file a motion (Doc 33) that the Court

24   construed as a FRCP 59(e) motion for reconsideration of the Court's merits ruling and the Court's denial

25   of a COA.[4]  That reconsideration motion was pending from its filing on March 11, 2016 through its denial

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [4]

28   The Court thus rejects the respondent warden's contention that Ruelas did not file a FRCP 59(e)

1    (after full briefing) about thirty-nine days later on April 19, 2016 (Doc 38).

2        **The Court is not obligated to consider arguments made for the first time in a reply brief,**

3    **however, and the Court declines to consider this argument.**  *See, e.g., Munoz v. InGenesis STGi*

4    *Partners, LLC*, No. 14-cv-1547-MMA-BLM, 2016 WL1620367, *12, – F. Supp.3d –, – (S.D. Cal. Apr.

5    22, 2016) (Michael Anello, J.) ("Although STGi raises arguments related to its status as Plaintiff's joint

6    employer under USERRA for the first time in its reply brief, it failed to appropriately raise those

7    arguments in its motion, and the Court declines to consider them.") (citing, *inter alia*, *Lane v. Dept' of*

8    *Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (stating that consideration of an argument first raised in a

9    reply brief is discretionary)); *Forcellati v. Hyland's, Inc.*, 876 F. Supp.2d 1155, 1169 n.2 (C.D. Cal. 2012)

10   (George H. King, Chief Judge) ("As this argument was asserted for the time in Defendants' reply, we [sic]

11   decline to consider it.") (citing, *inter alia*, *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir.

12   2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.")).  **Petitioner may**

13   **still seek to raise this tolling argument before the U.S. Court of Appeals for the Ninth Circuit,**

14   **subject of course to that Court's rules and the Federal Rules of Appellate Procedure.**

15

16              PETITIONER CANNOT RE-OPEN THE TIME FOR APPEAL UNDER FRAP 4(a)(6)

17          "Because petitioner's motion to extend his appeal time pursuant to FRAP 4(a)(5) fails, the

18   Court has considered how he would fare if his motion were construed as a motion to *re-open* an

19   expired appeal period pursuant to Rule of Appellate Procedure 4(a)(6)."  *Raymond Anthony*

20   *Sanchez v. Martel (Warden)*, LA CV 13-06579-VBF-GJS Doc. 63 (slip op.) at 8 (C.D. Cal. Apr.

21   26, 2016) (Fairbank, J.).   FRAP 4(a)(6) is entitled Reopening the Time to File an Appeal and

22   provides in its entirety as follows:

23

24          The district court may reopen the time to file an appeal for a period of 14 days after

25   ─────────────────────

26   reconsideration motion.  Specifically, the Court rejects the respondent's novel contention, unsupported
     by citation to any authority and contrary to the plain text of FRCP 59(e), that because there was no trial
27   in this case, FRCP 59 does not apply.  The district courts in our circuit routinely entertain motions for
     reconsideration of final judgments under FRCP 59(e) where there has never been a trial in the case.
28

1      the date when its order to reopen is entered, but only if all the following conditions

2      are satisfied:

3

4      (A)      The court finds that the moving party did not receive notice under Federal

5              Rule of Civil Procedure 77(d) of the entry of the judgment or order sought

6              to be appealed within 21 days after entry;

7

8      (B)      the motion is filed within 180 days after the judgment or order is entered or

9              within 14 days after the moving party receives notice under Federal Rule of

10             Civil Procedure 77(d) of the entry, whichever is earlier; and

11

12      ( C )      the court finds that no party would be prejudiced.

13

14 FRAP 4(a)(6).  Petitioner, however, has not alleged that he did not receive notice of the February

15 9, 2016 judgment within 21 days after that judgment was entered, and the record contains no

16 evidence tending to show that he did not receive the judgment within that timeframe.

17 Accordingly, the Court concludes that it lacks FRAP 4(a)(6) authority to re-open petitioner's

18 expired time for filing a notice of appeal.  *See Washington v. Ryan*, 789 F.3d 1041, 1047 (9th Cir.

19 2015) ("Washington . . . does not allege that he did not receive notice of the judgment against him,

20 so Rule 4(a)(6) does not apply to his situation."), *vac'd on grant of reh'g en banc on other*

21 *grounds*, 811 F.3d 299 (9th Cir. Dec. 31, 2015).

22

23 PETITIONER CANNOT SEEK RELIEF FROM JUDGMENT UNDER FRCP 60(b)

24      **Finally, the Court has considered whether to construe petitioner's extension as a**

25 **motion for relief from the February 9, 2016 final judgment pursuant to Federal Rule of Civil**

26 **Procedure 60(b), and concludes that he may not.**  Allowing petitioner to seek relief from the

27 judgment under these circumstances would enable him to circumvent the clear deadlines set forth

28

1    for civil cases by the Federal Rules of Appellate Procedure and Title 28 U.S.C. section 2107 –

2    deadlines which our Circuit holds are jurisdictional in nature.  *Cf. Vahan*, 30 F.3d at 103

3    ("Because Vahan did not bring a motion within 30 days of that date [the deadline for filing a

4    notice of appeal], the district court had no authority under Rule 4(a)(5) to extend the time for filing

5    a notice of appeal.  * * *  *To hold otherwise would circumvent the jurisdictional nature of Rule*

6    *4(a)*") (emphasis added).

7         **Moreover, as a matter of law, petitioner's very failure to appeal the February 9, 2016**

8    **final judgment to the Ninth Circuit  precludes him from seeking relief from that judgment**

9    **under FRCP 60(b), at least on any ground that he could have raised on such an appeal.**  "A

10   court of appeals typically can remedy a legal error committed by a district court", *Glacier Electric*

11   *Cooperative, Inc. v. Gervais*, 2015 WL 5437615, *2 (D. Mont. Sept. 15, 2015), and the relief

12   available under Rule 60(b) is not meant to be a substitute for an appeal.  *See Twentieth Century-*

13   *Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (9th Cir. 1981); *accord Borne v. River Parishes*

14   *Hosp., LLC*, 548 F. App'x 954, 959 (5th Cir. 2013) (per curiam) ("[A] Rule 60(b) motion may not

15   be used as a substitute for timely appeal.") (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d

16   1199, 1203 (5th Cir. 1993) (collecting cases)).

17        **Accordingly, "it is not proper to grant relief under" Rule 60(b) "'if the aggrieved**

18   **could have reasonably sought the same relief by means of appeal.'"** *Hibbard v. Penn-Trafford*

19   *School District*, 621 F. App'x 718, 723 (3d Cir. 2015) (per curiam) (quoting *Martinez-McBean*

20   *v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1977)), *reh'g denied* (3d Cir. Sept.

21   8, 2015); *accord William v. Sahli*, 292 F.2d 249 (6th Cir. 1961) (holding that Rule 60(b) cannot

22   be used to litigate matters that could have been litigated on appeal).  In other words, "if the reason

23   asserted for the Rule 60(b)[] motion could have been addressed on appeal from the judgment," the

24   motion must be denied "as merely an inappropriate substitute for an appeal." *Aikens v. Ingram*,

25   652 F.3d 496, 501 (4th Cir. 2011) (citing, *inter alia*, 11 Charles Alan Wright, Arthur R. Miller,

26   and Mary Kay Kane, Federal Practice & Procedure § 2864 at 359-60 and n.25 (2d ed. 1995)). *See,*

27   *e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A lack of subject-matter

28

1   jurisdiction is not by itself a basis for deeming a judgment void, that is, open to collateral attack.

2   For ordinarily that is a ground for reversal that can be presented to the appellate court on direct

3   appeal.") (internal citations omitted).

4   　　　　**The Supreme Court enshrined this principle in** *Ackermann v. United States*, 340 U.S.

5   193, 71 S. Ct. 209, 95 L.Ed. 207 (1950).  A federal district court had issued judgment cancelling

6   the Ackermanns' certificates of naturalization.  After entry of judgment, a co-defendant appealed,

7   but the Ackermanns did not.  After the Fifth Circuit granted relief to that co-defendant on his

8   appeal, the Ackermanns filed a Rule 60(b) motion for relief from judgment.  The district court

9   denied the 60(b) motion, the Circuit affirmed, and finally the Supreme Court affirmed.  The

10  Supreme Court reasoned that Ackermann could "not be relieved of" the consequences" of

11  choosing not to appeal merely "because hindsight seems to indicate to him that his decision not

12  to appeal was probably wrong."  *Ackermann*, 340 U.S. at 194-95, 71 S. Ct. 209.

13  　　　　The Seventh Circuit further illustrated this principle in *Banks v. Chicago Bd. of Ed.*, 750

14  F.3d 663 (7th Cir. 2014).  It affirmed the denial of a Title VII plaintiff's motion for relief from

15  judgment, holding that

16

17  　　　　[t]he district court did not abuse its discretion by denying Banks's post-judgment

18  　　　　motion for relief.  In her motion, Banks argued that the district court erred by

19  　　　　finding that she had not offered sufficient evidence to support her claims and by

20  　　　　misinterpreting the [statute].  In her brief before this court, she advances the same

21  　　　　errors of fact and law.  *These arguments could have been raised in a direct appeal,*

22  　　　　*but Banks forfeited her opportunity to appeal the judgment because she failed to file*

23  　　　　*a notice of appeal that would have been timely with respect to the entry of judgment.*

24  　　　　*To protect her ability to raise these arguments, she had to file either a timely Rule*

25  　　　　*59(e) motion [for reconsideration] or a timely notice of appeal, and she did neither.*

26

27  *Banks*, 750 F.3d at 667-68 (italics added).  As the Ninth Circuit explained in a published decision,

28

1    * * * Rule 4(a)(5)(A) permits the district court to "Extend the time to file a notice

2    of appeal if: ( I ) a party so moves no later than 30 days after the time prescribed by

3    this rule 4(a) expires; and . . . (ii) that party shows excusable neglect or good cause."

4    Fed. R. App. P. 4(a)(5)(A).

5

6    Rule 60 also provides for relief from judgment for "excusable neglect," Fed. R. Civ.

7    P. 60(b)(1), but permits such motions to be filed up to a year after entry of the

8    judgment from which relief is sought, *id.* R. 60( c )(1).  As the Third Circuit has

9    persuasively explained,

10

11          "Rule 4(a) is a specific procedural rule, governing appellate practice,
based on a statutory declaration, 28 U.S.C. § 2107, prescribing the

12          time within which an appeal from a district court order must be taken.

13          Rule 60(b) is a general procedural rule, of applicability to district

14          courts, allowing for relief from judgments.  It is a fundamental
principle of statutory construction that the specific language controls

15          over general language.  Under this principle, Rule 4(a), and not Rule

16          60(b), controls the time within which an appeal must be taken.

17

18          Also, to allow a party to rely on Rule 60(b) as an alternative to the
time constraints of Rule 4(a) would have the substantive effect of

19          nullifying the provisions of Rule 4(a)(5) [governing motions to extend

20          the time for filing a notice of appeal in a civil case].  Competing

21          statutes should not, if at all possible, be interpreted so that the
provisions of one will abrogate the provisions of another."

22

23  *Washington v. Ryan*, 789 F.3d 1041, 1047 (9th Cir. 2015) (quoting *West v. Keve*, 721 F.2d 91, 96

24  (3d Cir. 1983) (internal citations omitted) and citing *Dunn v. Cockrell*, 302 F.3d 491, 491-93 (5th

25  Cir. 2002) (per curiam)), *vac'd on grant of reh'g en banc on other grounds*, 811 F.3d 299 (9th Cir.

26  Dec. 31, 2015).  *Accord Martinez v. United States*, No. 11-751L, – Fed. Cl. –, 2016 WL 1730821,

27  *2 (Fed. Cl. Apr. 29, 2016) (citations omitted).

28

1      *See also, e.g., Laborin v. Clark*, 2011 WL 6102114, *1 (E.D. Cal. Dec. 8, 2011) (Timothy

2      Bommer, M.J.) ("Federal Rule of Appellate Procedure 4(a) is the exclusive avenue for relief from

3      expiration of the period to timely file a notice of appeal.  Fed. R. Civ. P. 60(b) cannot be used to

4      circumvent [FRAP] 4(a).") (citing *In re Alexander V. Stein, Debtor*, 197 F.3d 421, 426 (9th Cir.

5      1999), *as amended on denial of reh'g* (9th Cir. Jan. 5, 2000)).  *Cf. Clark v. Lavallie*, 204 F.3d

6      1038, 1040-41 (10th Cir. 2000) (holding that *pro se* prisoner was not entitled to Rule 60(b) relief

7      from judgment to re-open the time for appeal on the ground that he had not received notice of the

8      judgment, because the "essence of Rule 4(a)(6) [governing motions to re-open the time for appeal

9      rather than to extend the time for appeal pursuant to FRAP 4(a)(5)] "is finality of judgment" and

10     its 180-day limit is "specific and unequivocal"), *cited with approval by United States v. Winkles*,

11     795 F.3d 1134, 1145 (9th Cir. 2015), *pet. for cert. filed*, – U.S.L.W. –, – U.S. –, – S. Ct. – (U.S.

12     Feb. 5, 2016) (No. 15-8063).

13          Thus, the Court refuses to entertain the possibility of petitioner Ruelas obtaining Fed. R.

14     Civ. P. 60(b) relief from the February 9, 2016 final judgment at this time.  This ruling is without

15     prejudice to any right which petitioner may have to file a FRCP 60(b) motion for relief from

16     judgment after he has pursued a direct appeal (if the Ninth Circuit permits him to pursue a direct

17     appeal).

18

19                                                    ORDER

20          **Petitioner's "Request for Extension of Time To File Notice of Appeal" [Doc # 34] is**

21     **DENIED.**

22

23          **Petitioner may appeal this ruling to the United States Court of Appeals for the Ninth**

24     **Circuit.** *See Raymond Anthony Sanchez v. Martel (Warden)*, LA CV 13-06579-VBF-GJS Doc.

25     63 (slip op.) at 8 (C.D. Cal. Apr. 26, 2016) (Fairbank, J.) (not yet on WL or Lexis) (advising

26     petitioner that he could appeal the district court's denial of his motion to extend the time to file

27     a notice of appeal from underlying judgment)  (citing *Dragicevich v. J.P. Morgan Chase Bank,*

28

*N.A.*, 623 F. App'x 312, 312 (9th Cir. 2015) ("We review a district court's denial of a motion to extend time to file an appeal, as well as the application of its own local rules, for abuse of discretion.") (citing, *inter alia*, *Professional Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994))).

Dated: Friday, May 6, 2016

VALERIE BAKER FAIRBANK
Senior United States District Judge